# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HAMDY A. ABOU-HUSSEIN,
        Appellant,

      v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
AT-0752-13-6851-I-1

DATE: November 5, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Hamdy A. Abou-Hussein</u>, Paw Creek, North Carolina, pro se.

<u>Stacy J. Pintar-Mantey</u>, North Charleston, South Carolina, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2       The agency removed the appellant from his Engineer position based on the following charges: (1) disrespectful conduct; (2) failure to carry out instructions; and (3) failure to cooperate in a Preaction Investigative Discussion. In charge (1), the agency cited the appellant's refusal to meet with his supervisor on three occasions to discuss work matters, and his challenging the supervisor's honesty and integrity. In charge (2), the agency alleged that, on March 5, 2013, when asked, the appellant refused to agree to support a task that would require him to travel overseas; that, on April 3, 2013, he refused to submit a signed Personal Electronics Device waiver in order to keep his assigned laptop; and that on June 7, 2013, when questioned during a Preaction Investigative Discussion convened to address the first two matters, he refused to confirm or deny having a recording device. In charge (3), the agency alleged that the result of the appellant's failure to confirm or deny having a recording device was a total lack of meaningful discussion regarding his misconduct. In taking this action, the agency considered the appellant's past record consisting of a September 2012 Letter of Reprimand for failure to cooperate in another Preaction Investigative Discussion and a 14-day suspension, effective December 19, 2012, to January 1,

2013, for disrespectful conduct, failure to carry out instructions, and failure to cooperate in another Preaction Investigative Discussion. Initial Appeal File (IAF), Tab 7 at 11, 12-17, 24-28.

¶3 On appeal, the appellant argued that the agency committed prohibited personnel practices involving retaliation for whistleblowing and a continuing hostile work environment. *Id.*, Tab 1 at 5. He sought an order to subpoena all of his personnel records from the Office of Personnel Management (OPM) to prove his "Board recognized" hostile work environment claims. *Id.*, Tab 5. The administrative judge denied the appellant's motion and his request for an order to subpoena his records.[2] *Id.*, Tab 6.

¶4 During the prehearing conference, the administrative judge directed the appellant to set forth with specificity the nature of his alleged protected disclosures. *Id.*, Tab 20. He failed to do so and rather challenged virtually all of the administrative judge's rulings and moved for her recusal. *Id.*, Tab 23. She denied the motion. *Id.*, Tab 25.

¶5 In her initial decision based on the written record, the administrative judge affirmed the agency's action. She considered the evidence submitted by the agency, *id.*, Tab 39, and unrebutted by the appellant, *id.*, Tab 40, Initial Decision (ID) at 2, 7. She found that the agency proved two of the three specifications of charge (1), and the charge itself, ID at 2-3, two of the three specifications of charge (2), and the charge itself, ID at 3-4, and charge (3), ID at 4-5. Because the appellant had failed to clarify his claim that the agency retaliated against him for his whistleblowing activities and had failed to submit any evidence to support his assertion, the administrative judge found that he had not established his claim. ID at 5. Finally, the administrative judge found that discipline for the sustained charges promoted the efficiency of the service, ID at 5-6, and that removal was a

---

[2] The administrative judge reasoned that the appellant was free to request the information and had not established the need for a subpoena and/or had not identified the records sought or explained why they were relevant to his appeal. IAF, Tab 6.

reasonable penalty, ID at 6-7. In that regard, she found that the deciding official had considered the appellant's 8 years of satisfactory performance but determined that his offenses were serious and that his past record, which resulted from misconduct very similar to the conduct at issue in this case, rendered him a poor candidate for rehabilitation. ID at 7. Persuaded that the deciding official conscientiously considered all the relevant factors and, given the appellant's previous significant discipline for similar offenses, the administrative judge concluded that removal for the sustained charges did not exceed the bounds of reasonableness. ID at 7.

¶6 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, *id.*, Tab 3.

¶7 On review, the appellant does not specifically challenge the administrative judge's findings that all three charges were sustained, that the agency established a nexus between the sustained charges and the efficiency of the service, and that the penalty of removal was reasonable. In the absence of such a challenge, and because we discern no basis upon which to disagree with the administrative judge's findings, we will not further address these matters. The appellant does argue that the administrative judge failed to consider any of the "facts" alleged in the Board's final order on one of his earlier individual right of action (IRA) appeals, specifically, *Abou-Hussein v. Department of the Navy*, MSPB Docket No. AT-1221-11-0850-W-1, Final Order at 2-3 (Aug. 1, 2013). PFR File, Tab 1 at 4. In that Order, the Board related actions that the appellant alleged the agency took against him because of his alleged protected disclosures, including ordering him to undergo a psychiatric evaluation, denying him basic pay increases, giving him poor performance evaluations, initiating a criminal investigation against him, significantly changing his duties and responsibilities, subjecting him to a hostile work environment, placing him in absence without leave status, prohibiting OPM from releasing his personnel records, making death threats against him, "targeting his livelihood and employability," and making false allegations accusing him of

espionage, terrorist connections, substance abuse, and having a mental disorder. The Board dismissed the appellant's appeal for lack of jurisdiction, however, based on his failure to show that any of his alleged disclosures were raised to the Office of Special Counsel.

¶8    In the instant case, the administrative judge noted the appellant's allegations of retaliation for whistleblowing, but found that his disclosures were not set forth with sufficient clarity; she ordered him to further explain his allegations by a date certain, IAF, Tab 21, but he failed to make a substantive response, *id.*, Tab 23.  To the extent the appellant claims on review that, based on "facts" set forth in the earlier IRA appeal, the administrative judge erred in finding in this case that he did not establish his affirmative defense of retaliation for whistleblowing, the Board made no findings in that earlier Order and therefore he has not shown error.

¶9    On review, the appellant argues that he was denied a hearing.  PFR File, Tab 1 at 4.  When he filed his appeal, he stated that he faced renewed death threats since filing his IRA appeals and that, on advice from the Federal Bureau of Investigation, he had relocated from South Carolina to North Carolina.  IAF, Tab 1 at 5.  He moved that his appeal be heard in the Board's Washington Regional Office or at the Board's headquarters.  *Id.*  The administrative judge denied the appellant's motion, *id.*, Tab 6, and scheduled the hearing for a to-be-determined location in Charleston, South Carolina, *id.*, Tab 12.  The administrative judge subsequently set out the precise location for the hearing, the Hollings Judicial Center in Charleston, *id.*, Tab 24, and then corrected the address (from 85 Meeting Street to 83 Meeting Street), *id.*, Tab 27.  The appellant moved for a postponement and a designated safe location, claiming that he was unable to attend the hearing in the "new changed address" or elsewhere in Charleston, explaining that, because the agency had falsely reported his potential terrorist attack on the federal court compound, he was not permitted to enter the court house except by armed escort of deputy U.S. Marshals.  *Id.*, Tab 28.  He further

alleged that he feared either a "repeat terrorism frame-up" or a "criminal hit" if he remained in the Charleston area.[3] *Id.*

¶10    The appellant did not appear at the hearing. In response to the administrative judge's order, *id.*, Tab 32, the appellant explained that he had driven to the Atlanta Regional Office on the morning of the hearing "to preempt the conspiracy against my litigation in both the [U.S.] Court[] of Appeals for the Federal Circuit and the District of Columbia," suggesting that the assigned administrative judge may have had a conflict of interest because of her alleged involvement with his other litigation, *id.*, Tab 33. The administrative judge found that the appellant failed to establish good cause for his failure to appear at the hearing, and she advised the parties that the case would be decided on the written record. *Id.*, Tab 35.

¶11    On review, the appellant argues that the administrative judge unreasonably insisted on a particular location for the hearing, and he repeats his claim that, if he had appeared, he would have had to have been escorted by deputy U.S. Marshals, thereby rendering his opportunity for a hearing not meaningful. PFR File, Tab 1 at 4. An administrative judge has the authority to convene a hearing, as appropriate. 5 C.F.R. § 1201.41(b)(6), and to grant a request for postponement only upon a showing of good cause, 5 C.F.R. § 1201.51(c). We agree with the administrative judge that the appellant failed to make such a showing below. He did not support his claim that he would have been in danger if he had participated in the hearing in Charleston[4] at the site selected by the administrative judge. Accordingly, we find that the administrative judge did not abuse her discretion in denying the appellant's request to move the site of the hearing, or in adjudicating

---

[3] It is unclear whether the administrative judge received this motion before she traveled to the hearing as it was filed the day before Thanksgiving, and the hearing was scheduled for the following Monday.

[4] Charleston, South Carolina, is an approved hearing location for hearings arising out of the Board's Atlanta Regional Office. www.mspb.gov.

the appeal on the written record after the appellant failed to establish good cause for his failure to appear.

¶12    The appellant argues that the administrative judge exhibited bias against him by refusing to make an audio recording of the prehearing conference.  PFR File, Tab 1 at 6.  The administrative judge denied the appellant's motion and instructed him to turn off any recording device he might have.  IAF, Tab 20.  An administrative judge is required to prepare a summary of the prehearing conference when any rulings are made.  In the alternative, in the administrative judge's discretion, a prehearing conference may be tape recorded if she so informs the parties.  AJ Handbook, Chapter 9, section 5.  Here, the administrative judge prepared a written summary of the prehearing conference, which included all of her rulings.  IAF, Tab 20.  The appellant challenged her denial of his request for an audio tape of the conference, arguing that "a hearing must have a transcript."  *Id.*, Tab 23.  However, a prehearing conference is not a hearing.  The appellant has not shown that the administrative judge committed an error or otherwise abused her discretion by the manner in which she prepared a summary of the prehearing conference.  In any event, an administrative judge's conduct during the course of a Board proceeding evidences bias warranting a new adjudication only if the administrative judge's actions evidence deep-seated favoritism or antagonism that would make fair judgment impossible.  *Young v. U.S. Postal Service*, 115 M.S.P.R. 424, ¶ 19 (2010).  The appellant has not, by his claim, made such a showing.

¶13    The appellant also claims that the administrative judge exhibited bias against him based on her spoliation of a docket entry.  PFR File, Tab 1 at 8.  He contends that, on December 12, 2013, she issued an order closing the record but that order was erased from the e-Appeal portal and replaced by another order's text several days later.  According to the appellant, the original order's deleted text has a "harsh tone."  The record reflects that, on December 12, 2013, the administrative judge issued an order denying the appellant's request to reschedule

the hearing and closing the record. IAF, Tab 35. On December 18, 2013, the administrative judge issued another order in which she explained that, although the earlier order appeared in the Board's e-Appeal repository, it "was not issued in a manner that notified the parties that the order had been issued" and stating that she was therefore reissuing the close of record notice that day, granting the parties an extension of time to submit their final submissions, and extending the close of record date. *Id.*, Tab 36. And, on that date, she reissued the December 12, 2013 order, noting that it was "reissued on December 18, 2013."[5] *Id.*, Tab 37. The appellant has not shown that the administrative judge committed any act of spoliation of evidence or in that regard otherwise exhibited bias against him.

¶14    These claims of bias are insufficient to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). That is so, notwithstanding that the appellant previously complained about the actions of this administrative judge in another appeal. Neither is bias shown by the fact that the administrative judge may have failed to rule on a particular motion the appellant filed. The appellant also argues that the administrative judge exhibited bias by denying all of his witnesses. The appellant did not file a prehearing submission, as directed. Notwithstanding, at the prehearing conference, the administrative judge allowed him to name the witnesses he wished to call at the hearing. IAF, Tab 20. He named the Deputy General Counsel of the Navy, a legal assistant, and the Secretary of the Navy, as well as other "unknown agents of [the Naval Criminal Investigative Service]," all of whom the administrative judge disallowed on the basis that the appellant failed to make a case that they had probative

---

[5] For some reason, the reissued order of December 18, 2013, did not include the extended dates, IAF, Tab 37, as they were clearly set forth in the administrative judge's other order, issued that same date, *id.*, Tab 36. Neither party, however, expressed any confusion as to this matter.

evidence relevant to the matters at issue. *Id.* The appellant has not, on review, made any contrary argument. An administrative judge has wide discretion to control the proceedings, including authority to exclude testimony she believes would be irrelevant or immaterial. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000). Moreover, as noted, an administrative judge's conduct during the course of a Board proceeding does not demonstrate bias warranting a new adjudication unless her actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. *Young*, 115 M.S.P.R. 424, ¶ 19. The appellant has failed to make any such showing.

¶15    Lastly, the appellant argues that the administrative judge issued the initial decision prematurely because the discovery process was "non-existent." PFR File, Tab 1 at 9. The record reflects that the appellant timely served a discovery request on the agency. IAF, Tab 10 at 7. The agency asked the administrative judge for permission not to respond to the appellant's discovery request on the basis that it was not relevant to the instant case but rather rehashed issues from his previous IRA appeals. *Id.*, Tab 10. The appellant filed a motion to compel discovery. *Id.*, Tab 11. The administrative judge denied the appellant's motion, because he did not explain, in accordance with the Board's regulations, why the agency should be compelled to produce the requested discovery and because it was not otherwise readily apparent. *Id.*, Tab 20. Nonetheless, at the prehearing conference, the administrative judge afforded the appellant an opportunity to explain why he needed the requested information. He indicated that he would rest on the statement he provided in his original appeal. In the absence of any reason why the appellant needed the requested information, the administrative judge again denied his motion to compel.[6] *Id.* The appellant has not on review provided any reason for the requested information or explained how it would have

_____

[6] The administrative judge noted that some of the information the appellant requested was, in fact, provided to him in the agency's prehearing submission. IAF, Tab 20 at 6 n.2.

changed the result in his appeal. Therefore, he has failed to establish that the administrative judge erred in issuing the initial decision prematurely or that she abused her broad discretion in regulating discovery. *See Russell v. Equal Employment Opportunity Commission*, 110 M.S.P.R. 557, ¶ 15 (2009).

¶16     With his petition for review, the appellant has submitted what he alleges is new and material evidence, specifically, a September 2009 psychological evaluation prepared by a clinical psychologist. PFR File, Tab 1 at 12. We have not considered this evidence because it is neither new nor material to the dispositive issues in this appeal. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request

review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.